**Andreas VASQUEZ–ZARCO, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–73356.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 12, 2010.

Lamar Peckham, Law office of Lamar Peckham, Santa Rosa, CA, for Petitioner.

Kiley L. Kane, Esquire, Trial, Jennifer L. Lightbody, Esquire, OIL, Jeffery R. Leist, Trial, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Andreas Vasquez–Zarco, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's determination of continuous physical presence. *Landin–Zavala v. Gonzales,* 488 F.3d 1150, 1151 (9th Cir. 2007). We review de novo questions of law and due process claims. *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that Vasquez–Zarco failed to establish the ten years of continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(2) (departure in excess of ninety days breaks continuous physical presence). Vasquez–Zarco fails to point to any authority in support of his theory of constructive presence. *Cf.* 8 U.S.C. § 1229b(1)(A) (Alien must be "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application.")

Vasquez–Zarco's due process claim is not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.